# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF FLORIDA

ORLANDO E. ROBLES,

Plaintiff,

v.                                                    Case No.: _____

DISCOVER FINANCIAL SERVICES, EQUIFAX

INFORMATION SERVICES, LLC, EXPERIAN

INFORMATION SOLUTIONS, INC., and

TRANS UNION LLC,

Defendants.

_____/

## PLAINTIFF'S COMPLAINT FOR DAMAGES

Plaintiff ORLANDO E. ROBLES, by and through undersigned counsel, hereby sues Defendants DISCOVER FINANCIAL SERVICES, EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and TRANS UNION LLC, and alleges as follows:

## PARTIES

1. Plaintiff Orlando E. Robles ("Plaintiff") is a natural person and a "consumer" as defined by 15 U.S.C. § 1681a(c), residing at 701 South 21st Avenue, Apartment 103, Hollywood, Florida 33020, in Broward County.

2. Defendant Discover Financial Services ("Discover") is, upon information and belief, a corporation organized under the laws of Delaware, with its principal place of business at 2500 Lake Cook Road, Riverwoods, Illinois 60015. At all times material hereto, Discover issued and serviced the consumer revolving credit card account at issue in this action and was a "furnisher" of information to consumer reporting agencies within the meaning of 15 U.S.C. § 1681s-2, and regularly furnished information regarding Plaintiff to Equifax, Experian, and TransUnion.

3. Defendant Equifax Information Services, LLC ("Equifax") is a limited liability company organized under the laws of Georgia, with its principal place of business at 1550 Peachtree Street

NW, Atlanta, Georgia 30309. At all times material hereto, Equifax was a "consumer reporting agency" ("CRA") as defined by 15 U.S.C. § 1681a(f), which regularly assembled, evaluated, and maintained consumer reports for the purpose of furnishing such reports to third parties.

4. Defendant Experian Information Solutions, Inc. ("Experian") is a corporation organized under the laws of Ohio, with its principal place of business at 475 Anton Boulevard, Costa Mesa, California 92626. At all times material hereto, Experian was a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f), which regularly assembled, evaluated, and maintained consumer reports for the purpose of furnishing such reports to third parties.

5. Defendant Trans Union LLC ("TransUnion") is, upon information and belief, a limited liability company organized under the laws of Delaware, with its principal place of business at 555 West Adams Street, Chicago, Illinois 60661. At all times material hereto, TransUnion was a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f), which regularly assembled, evaluated, and maintained consumer reports for the purpose of furnishing such reports to third parties.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as this action arises under federal law, namely the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

7. This Court has personal jurisdiction over each Defendant because each Defendant conducts substantial business in the State of Florida and in this District, and a substantial part of the events and omissions giving rise to this action occurred in this District.

8. Venue is proper in this District pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1391(b)(2), because Plaintiff resides in this District, each Defendant transacts substantial business in this District, and a substantial part of the events or omissions giving rise to the claims occurred in this District, including the preparation, furnishing, and publication of inaccurate consumer reports concerning a Florida resident whose consumer file is maintained and disseminated in connection with his residence in Hollywood, Broward County, Florida.

## FACTUAL ALLEGATIONS

### A. The Discover Credit Card Account

9. Plaintiff held a Discover-branded revolving credit card account issued by Discover, account number ending in *6382 (the "Account"), opened on or about August 13, 2019, with a credit limit of $8,600.

10. The Account is, and at all material times has been, current and in good standing. Plaintiff paid the Account continuously and has never been late on the Account.

11. Plaintiff never disputed the Account. At no time did Plaintiff initiate, file, or assert any dispute concerning the Account, whether with Discover or with any consumer reporting agency.

**B. Discover's False "Previously in Dispute" Notation on All Twenty-Four Months**

12. On or about March 7, 2026, Plaintiff obtained his consumer reports from Equifax, Experian, and TransUnion.

13. Plaintiff's Equifax consumer report reflects, on every single month of the Account's reported twenty-four-month payment history, a narrative notation that the Account was "Previously in Dispute — Now Resolved by Data Furnisher" — corresponding to Metro 2 narrative code 283.

14. That notation is false. Plaintiff never disputed the Account. Because no dispute ever existed, there was no dispute that could have been "previously" raised and no dispute that Discover could have "resolved." As the furnisher of the Account information, Discover furnished, and continues to furnish, a "Previously in Dispute" notation on all twenty-four months of the Account's history that it knew or should have known to be false based on its own records.

15. A "Previously in Dispute" notation is materially misleading. It signals to prospective lenders and other users of a consumer report that the consumer was, at some point, in conflict with a creditor over the account — implying a history of payment problems, billing disputes, or adversarial dealing — where, in fact, no such history exists. The notation is particularly damaging here because it appears on every month of an otherwise pristine, never-late account, distorting the meaning of an account that should reflect only positive payment behavior.

**C. Plaintiff's Disputes and the CRAs' Failure to Reinvestigate**

16. On or about March 8, 2026, Plaintiff filed formal written disputes with Equifax, Experian, and TransUnion pursuant to 15 U.S.C. § 1681i, disputing the false "Previously in Dispute" notation on the Account (and, as to certain bureaus, related inaccuracies in the reporting of Plaintiff's employer name). The disputes informed each CRA that Plaintiff had never disputed the Discover Account and that the dispute notation was therefore false.

17. The thirty-day reinvestigation period prescribed by 15 U.S.C. § 1681i(a)(1)(A) expired on or about April 7, 2026. None of the three CRAs corrected or deleted the false "Previously in Dispute" notation, and none provided Plaintiff with the written results of any reinvestigation.

18. On or about May 20, 2026, through undersigned counsel, Plaintiff sent further written disputes and demands via U.S. certified mail, return receipt requested, to each of Equifax, Experian, and TransUnion, again disputing the false dispute notation and demanding the written results of each CRA's reinvestigation and the consumer file disclosures required by 15 U.S.C. §§

1681i(a)(6) and 1681g. These demands were delivered to TransUnion on or about May 23, 2026, to Equifax on or about May 24, 2026, and to Experian on or about May 26, 2026.

19. More than thirty days have elapsed since Plaintiff's March 8, 2026 disputes, and the fourteen-day periods to respond to Plaintiff's May 20, 2026 written demands have likewise lapsed. None of the three CRAs provided Plaintiff with the written results of any reinvestigation, and the false "Previously in Dispute" notation remains on Plaintiff's consumer reports.

20. Each CRA's failure to conduct a reasonable reinvestigation and to provide the written reinvestigation results required by 15 U.S.C. § 1681i(a) is an independent violation of the FCRA.

21. Upon receiving Plaintiff's disputes, Equifax, Experian, and TransUnion were required by 15 U.S.C. § 1681i(a)(2) to transmit notice of the disputes to Discover, the furnisher. Upon information and belief, the CRAs transmitted notice of Plaintiff's disputes to Discover through the Automated Consumer Dispute Verification ("ACDV") process or a similar mechanism.

22. Upon receipt of notice of Plaintiff's disputes from the CRAs, Discover's duties under 15 U.S.C. § 1681s-2(b)(1) were triggered, including the duty to:

> (a) conduct an investigation with respect to the disputed information (§ 1681s-2(b)(1)(A));
>
> (b) review all relevant information provided by the CRAs (§ 1681s-2(b)(1)(B));
>
> (c) report the results of the investigation to the CRAs (§ 1681s-2(b)(1)(C)); and
>
> (d) if the investigation found the information to be incomplete or inaccurate, report those results to all CRAs to which Discover furnished the information (§ 1681s-2(b)(1)(D)).

23. Despite receiving notice of Plaintiff's disputes, Discover failed to conduct a reasonable investigation and continued to furnish the false "Previously in Dispute" notation on the Account to the CRAs, where it remains as of the date of this Complaint.

### D. Harm to Plaintiff and Article III Standing

24. Plaintiff has Article III standing to bring each claim in this Complaint. The dissemination of false derogatory-adjacent information about a consumer — here, a "Previously in Dispute" notation attached to every month of an otherwise flawless account — is the kind of concrete, reputational injury that bears a close relationship to the harm associated with the common-law tort of defamation, and is therefore sufficiently concrete to support standing. See TransUnion LLC v. Ramirez, 594 U.S. 413, 425, 432–34 (2021); Spokeo, Inc. v. Robins, 578 U.S. 330, 340–41 (2016).

25. Plaintiff's consumer reports are maintained by the CRAs in a form available for dissemination to third parties upon request, and the false "Previously in Dispute" notation has been, and remains, available for and subject to such dissemination.

26. The false notation has caused concrete and particularized injury to Plaintiff, including diminished creditworthiness and the deterrence of credit-seeking activity. Plaintiff has refrained from applying for a home mortgage because the presence of the false "Previously in Dispute" notation across his Discover history, on an otherwise clean credit profile, leads him reasonably to believe that his consumer reports do not accurately reflect his true creditworthiness and would impair his ability to obtain favorable financing. The inaccurate reporting has thus deterred Plaintiff from pursuing a significant credit transaction he was otherwise qualified to seek.

27. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered actual damages, including but not limited to:

(a) the deterrence of, and forbearance from, applying for a home mortgage and other credit;

(b) diminished creditworthiness arising from the false "Previously in Dispute" notation on all twenty-four months of an otherwise pristine account;

(c) emotional distress, including stress, anxiety, frustration, and humiliation;

(d) lost time and effort expended in attempting to dispute and correct the inaccurate information; and

(e) other consequential damages to be proven at trial.

28. Plaintiff continues to suffer ongoing harm, as the false "Previously in Dispute" notation remains on his consumer reports as of the date of this Complaint.

### E. Willfulness

29. Discover's conduct was willful within the meaning of 15 U.S.C. § 1681n. Discover acted in knowing or reckless disregard of its obligations under the FCRA by: (a) furnishing a "Previously in Dispute" notation on all twenty-four months of the Account that it knew or should have known to be false in light of its own records, which reflect no dispute; (b) failing to conduct a reasonable investigation after receiving notice of Plaintiff's disputes; and (c), upon information and belief, conducting nothing more than a cursory data-conformity review rather than a meaningful investigation of whether the reported information was actually accurate, which is per se unreasonable. See Marchisio v. Carrington Mortg. Servs., LLC, 919 F.3d 1288, 1306 (11th Cir. 2019); Saunders v. Branch Banking & Trust Co., 526 F.3d 142, 150 (4th Cir. 2008).

30. Equifax's conduct was willful within the meaning of 15 U.S.C. § 1681n. Equifax acted in knowing or reckless disregard of its obligations under the FCRA by publishing and disseminating the false "Previously in Dispute" notation without following reasonable procedures to assure maximum possible accuracy, and by failing to conduct a reasonable reinvestigation after receiving Plaintiff's dispute and — upon information and belief — relying solely on the furnisher's automated verification through the ACDV process without independent review. See Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 68–69 (2007); Williams v. First Advantage LNS Screening Sols., Inc., 947 F.3d 735, 749–50 (11th Cir. 2020); Collins v. Experian Info. Sols., Inc., 775 F.3d 1330, 1333 (11th Cir. 2015).

31. Experian's conduct was willful within the meaning of 15 U.S.C. § 1681n. Experian acted in knowing or reckless disregard of its obligations under the FCRA by publishing and disseminating the false "Previously in Dispute" notation without following reasonable procedures to assure maximum possible accuracy, and by failing to conduct a reasonable reinvestigation after receiving Plaintiff's dispute. See Safeco, 551 U.S. at 68–69; Williams, 947 F.3d at 749–50.

32. TransUnion's conduct was willful within the meaning of 15 U.S.C. § 1681n. TransUnion acted in knowing or reckless disregard of its obligations under the FCRA by publishing and disseminating the false "Previously in Dispute" notation without following reasonable procedures to assure maximum possible accuracy, and by failing to conduct a reasonable reinvestigation after receiving Plaintiff's dispute and — upon information and belief — relying solely on the furnisher's automated verification without independent review. See Safeco, 551 U.S. at 68–69; Williams, 947 F.3d at 749–50.

33. Defendants' willful conduct entails an unjustifiably high risk of harm that is either known or so obvious that it should be known. See Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 68–69 (2007).

### COUNT I — DISCOVER FINANCIAL SERVICES — WILLFUL VIOLATION OF 15 U.S.C. § 1681s-2(b)

34. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 33 above.

35. Discover is a "furnisher" of information to consumer reporting agencies within the meaning of 15 U.S.C. § 1681s-2.

36. Plaintiff disputed the false "Previously in Dispute" notation with Equifax, Experian, and TransUnion, each of which transmitted notice of Plaintiff's disputes to Discover pursuant to 15 U.S.C. § 1681i(a)(2), thereby triggering Discover's duties under 15 U.S.C. § 1681s-2(b)(1).

37. Discover willfully failed to conduct a reasonable investigation and continued to furnish the false "Previously in Dispute" notation on the Account to all three CRAs, in knowing or reckless disregard of its duties under 15 U.S.C. § 1681s-2(b). Upon information and belief, Discover's investigation consisted of nothing more than a cursory data-conformity review, which is per se unreasonable. See Marchisio v. Carrington Mortg. Servs., LLC, 919 F.3d 1288 (11th Cir. 2019); Saunders v. Branch Banking & Trust Co., 526 F.3d 142 (4th Cir. 2008).

38. As a direct and proximate result of Discover's willful violations, Plaintiff has suffered actual damages and is entitled to recover:

(a) statutory damages of not less than $100 and not more than $1,000 per violation, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

(b) actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

(c) punitive damages, pursuant to 15 U.S.C. § 1681n(a)(2); and

(d) costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3).

**COUNT II (ALTERNATIVE) — DISCOVER FINANCIAL SERVICES — NEGLIGENT VIOLATION OF 15 U.S.C. § 1681s-2(b)**

39. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 33 above.

40. In the alternative, if Discover's conduct is not found to be willful, Discover negligently failed to comply with its duties under 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation of Plaintiff's disputed Account information and by continuing to furnish the false "Previously in Dispute" notation to the CRAs.

41. As a direct and proximate result of Discover's negligent violations, Plaintiff is entitled to recover actual damages pursuant to 15 U.S.C. § 1681o(a)(1), and costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681o(a)(2).

**COUNT III — EQUIFAX — WILLFUL VIOLATIONS OF 15 U.S.C. §§ 1681e(b) AND 1681i(a)**

42. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 33 above.

43. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

44. Equifax willfully failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's consumer report, in violation of 15 U.S.C. § 1681e(b), by publishing and

disseminating the false "Previously in Dispute" notation on all twenty-four months of the Account. See Hinkle v. Midland Credit Mgmt., Inc., 827 F.3d 1295, 1307 (11th Cir. 2016).

45. Plaintiff disputed the inaccurate information directly with Equifax, and Equifax willfully failed to conduct a reasonable reinvestigation within the time required by 15 U.S.C. § 1681i(a) and failed to correct or delete the inaccurate information. See Safeco, 551 U.S. at 68–69; Williams, 947 F.3d at 749–50.

46. As a direct and proximate result of Equifax's willful violations, Plaintiff is entitled to recover statutory damages of $100–$1,000 per violation (§ 1681n(a)(1)(A)), actual damages (§ 1681n(a)(1)(A)), punitive damages (§ 1681n(a)(2)), and costs and reasonable attorney's fees (§ 1681n(a)(3)).

**COUNT IV (ALTERNATIVE) — EQUIFAX — NEGLIGENT VIOLATIONS OF 15 U.S.C. §§ 1681e(b) AND 1681i(a)**

47. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 33 above.

48. In the alternative, if Equifax's conduct is not found to be willful, Equifax negligently failed to comply with 15 U.S.C. §§ 1681e(b) and 1681i(a) by failing to follow reasonable procedures to assure maximum possible accuracy and by failing to conduct a reasonable reinvestigation of Plaintiff's dispute. See Collins v. Experian Info. Sols., Inc., 775 F.3d 1330, 1333 (11th Cir. 2015).

49. As a direct and proximate result, Plaintiff is entitled to recover actual damages (§ 1681o(a)(1)) and costs and reasonable attorney's fees (§ 1681o(a)(2)).

**COUNT V — EXPERIAN — WILLFUL VIOLATIONS OF 15 U.S.C. §§ 1681e(b) AND 1681i(a)**

50. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 33 above.

51. Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

52. Experian willfully failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's consumer report, in violation of 15 U.S.C. § 1681e(b), by publishing and disseminating the false "Previously in Dispute" notation regarding the Account. See Hinkle, 827 F.3d at 1307.

53. Plaintiff disputed the inaccurate information directly with Experian, and Experian willfully failed to conduct a reasonable reinvestigation within the time required by 15 U.S.C. § 1681i(a) and failed to correct or delete the inaccurate information. See Safeco, 551 U.S. at 68–69; Williams, 947 F.3d at 749–50.

54. As a direct and proximate result of Experian's willful violations, Plaintiff is entitled to recover statutory damages of $100–$1,000 per violation (§ 1681n(a)(1)(A)), actual damages (§ 1681n(a)(1)(A)), punitive damages (§ 1681n(a)(2)), and costs and reasonable attorney's fees (§ 1681n(a)(3)).

### COUNT VI (ALTERNATIVE) — EXPERIAN — NEGLIGENT VIOLATIONS OF 15 U.S.C. §§ 1681e(b) AND 1681i(a)

55. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 33 above.

56. In the alternative, if Experian's conduct is not found to be willful, Experian negligently failed to comply with 15 U.S.C. §§ 1681e(b) and 1681i(a) by failing to follow reasonable procedures to assure maximum possible accuracy and by failing to conduct a reasonable reinvestigation of Plaintiff's dispute. See Collins, 775 F.3d at 1333; Losch v. Nationstar Mortg. LLC, 995 F.3d 937, 947–49 (11th Cir. 2021).

57. As a direct and proximate result, Plaintiff is entitled to recover actual damages (§ 1681o(a)(1)) and costs and reasonable attorney's fees (§ 1681o(a)(2)).

### COUNT VII — TRANS UNION LLC — WILLFUL VIOLATIONS OF 15 U.S.C. §§ 1681e(b) AND 1681i(a)

58. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 33 above.

59. TransUnion is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

60. TransUnion willfully failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's consumer report, in violation of 15 U.S.C. § 1681e(b), by publishing and disseminating the false "Previously in Dispute" notation regarding the Account. See Hinkle, 827 F.3d at 1307.

61. Plaintiff disputed the inaccurate information directly with TransUnion, and TransUnion willfully failed to conduct a reasonable reinvestigation within the time required by 15 U.S.C. § 1681i(a) and failed to correct or delete the inaccurate information. See Safeco, 551 U.S. at 68–69; Williams, 947 F.3d at 749–50.

62. As a direct and proximate result of TransUnion's willful violations, Plaintiff is entitled to recover statutory damages of $100–$1,000 per violation (§ 1681n(a)(1)(A)), actual damages (§ 1681n(a)(1)(A)), punitive damages (§ 1681n(a)(2)), and costs and reasonable attorney's fees (§ 1681n(a)(3)).

**COUNT VIII (ALTERNATIVE) — TRANS UNION LLC — NEGLIGENT VIOLATIONS OF 15 U.S.C. §§ 1681e(b) AND 1681i(a)**

63. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 33 above.

64. In the alternative, if TransUnion's conduct is not found to be willful, TransUnion negligently failed to comply with 15 U.S.C. §§ 1681e(b) and 1681i(a) by failing to follow reasonable procedures to assure maximum possible accuracy and by failing to conduct a reasonable reinvestigation of Plaintiff's dispute. See Collins, 775 F.3d at 1333; Losch, 995 F.3d at 947–49.

65. As a direct and proximate result, Plaintiff is entitled to recover actual damages (§ 1681o(a)(1)) and costs and reasonable attorney's fees (§ 1681o(a)(2)).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Orlando E. Robles respectfully requests that this Court enter judgment in his favor and against Defendants Discover Financial Services, Equifax Information Services, LLC, Experian Information Solutions, Inc., and Trans Union LLC, and award:

(A) statutory damages of $100–$1,000 per violation, per Defendant, under 15 U.S.C. § 1681n(a)(1)(A);

(B) actual damages, including emotional distress, credit harm, and the deterrence of and forbearance from credit-seeking activity;

(C) punitive damages against each Defendant under 15 U.S.C. § 1681n(a)(2);

(D) costs and reasonable attorney's fees under 15 U.S.C. §§ 1681n(a)(3) and/or 1681o(a)(2);

(E) pre-judgment and post-judgment interest;

(F) an order requiring Defendants to correct and/or delete the inaccurate information from Plaintiff's consumer reports; and

(G) such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

VINDEX PRIVATUS, PLLC

By: /s/ David Cruz

David Cruz, Esq.

Florida Bar No. 1006812

2525 Ponce de Leon Blvd, Suite 300

Coral Gables, FL 33134

Telephone: (786) 626-8113

Email: david@vindexprivatus.com

Attorney for Plaintiff